UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

02-cr-451 (PKC)

-against-

ORDER

CHAROD BECTON,

Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

The procedural posture of this case is well-summarized in the Circuit's summary affirmance of defendant's conviction challenging, among other things, the voluntariness and validity of the guilty plea and sentence:

> Charod Becton appeals from a judgment entered on November 30, 2018, by the United States District Court for the Southern District of New York (Castel, J.). On November 1, 2006, Becton pleaded guilty to a 15-count superseding indictment before the late Judge Owen. Becton later entered into a plea modification agreement before Judge Castel, pursuant to which the government agreed to dismiss one of the 15 counts. In the plea modification agreement, Becton waived his right to appeal any sentence of or below life plus five years' imprisonment, and on November 28, 2018, Judge Castel sentenced Becton to life plus five years' imprisonment.

United States v. Henderson, No. 19-132-cr (2d Cir. Oct. 13, 2020) (summary order).

Defendant now seeks the Case File/Work File and other tangible things in the possession of defense counsel. Defense counsel does not challenge defendant's request in principle but notes that the files are in "at least" 18 banker's boxes. As an incarcerated person, it is unlikely that the Bureau of Prisons would allow him to store 18 boxes at its facility. Defense

would not object to digitizing the files but that would entail considerable expense, and applies to the Court to have the project paid for with CJA Funds.

Based on a standard size banker's box, it is reasonable to estimate that the 18 boxes contain approximately 45,000 sheets of paper. It is difficult to estimate the scanning costs because there are charges for handling, including un-stapling and re-stapling of documents. The costliest element of the exercise may be the time of the CJA lawyers in processing and arranging the production.

The question is whether post-conviction copying of case files at CJA expense should be routinely granted without a particularized showing of need. The Court concludes that absent a showing of a particularized need, the exercise ought not be at CJA expense. The representation of defendant by the defense counsel holding the documents has concluded, as has the case against the defendant and his direct appeal. Defendant references a desire to file a section 2255 motion to vacate, modify or correct his sentence. The Court acknowledges that copying of files for the purpose of a section 2255 application may be appropriate. But, with a volume of documents such as exists in this case, the defendant has the initial burden of showing a particularized need. It is not sufficient for defendant to assert that there may be materials in the voluminous files relevant to a future motion. There is no hint in his letter application of the categories of documents that may be relevant to the yet-to-be described or filed motion.

Because defendant presents no feasible way for him to examine the files while he is incarcerated and no particularized showing of need has been made which would justify the digitized copying of the entire file at CJA expense, the letter motions (Doc. 278, 279) are DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 13, 2021

COPY MAILED TO: Charod Becton, Register No. 53889-054, Atwater USP, Federal Way, Atwater CA 95301