UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                          02-cr-451 (PKC)

       -against-                                         ORDER

CHAROD BECTON,

                                 Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        By motion dated on January 31, 2022, postmarked February 7, 2022, and filed with the Court on February 10, 2022 (Doc 281), Charod Becton seeks a ninety-day extension of time to file a section 2255 motion.[1]  28 U.S.C. § 2255.  The motion will be denied.

        A Court does not have subject matter jurisdiction to consider a motion to extend the time for filing a section 2255 motion.  Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) ("In United States v. Leon, 203 F.3d 162 (2d Cir. 2000) (per curiam), we held that 'a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.'  Id. at 164.").  A pro se application for an extension of time, however, may contain "allegations sufficient to support a claim under section 2255" in which case the extension application, itself, may be liberally construed as a section 2255 motion.  Id. at 83.  That is not the case here.  The only hint at the basis for section 2255 relief in his two-page motion is too vague and general to support a claim under section 2255.  (Doc 281 ("The Movant/Defendant avers that

---

[1] The Court notes that the Second Circuit issued its summary order of affirmance on October 13, 2020, United States v. Henderson, No. 19-132-cr (summary order) and the mandate issued from that Court on September 21, 2020 (Doc 277).  No petition for certiorari was filed and the time to do so expired at the latest by January 11, 2021.  Thus, the application was mailed more than one year after the expiration of the limitations period in 28 U.S.C. § 2255(f)(1).

- 2 -

he has just recently became aware that his conviction/sentence was obtained under Constitutional Violations that resulted in the Fundamental Miscarriage of Justice and/or incarceration of an Actually Innocent Defendant.").)

The Court concludes that it lacks subject matter jurisdiction to consider defendant's motion and the motion is therefore DENIED.  (Doc 281.)  The Clerk is respectfully directed to terminate the motion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 20, 2022

COPY MAILED TO: Charod Becton, Register No. 53889-054, Atwater USP, Federal Way, Atwater CA  95301