UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    02-cr-451 (PKC)

                    -against-                       <u>CORRECTED ORDER</u>


CHAROD BECTON,

                         Defendant.
-----------------------------------------------------------x

CHAROD BECTON,

                              Movant,
                    -against-                       24-cv-3439 (PKC)



UNITED STATES OF AMERICA,

                         Respondent.

_____x

CASTEL, U.S.D.J.

       On April 30, 2024, Charod Becton, proceeding pro se, filed a motion to vacate,
set aside or correct the sentence.  28 U.S.C. § 2255.

       Prior to the filing of the section 2255 motion, defendant moved to have all case-
related files produced to him so that he could formulate a section 2255 motion.  (ECF 278.)  One
of his former counsel advised the Court that the materials "include at least eighteen banker's
boxes of files."  (ECF 279.)  The Court denied the request "[b]ecause defendant presents no
feasible way for him to examine the files while he is incarcerated and no particularized showing
of need has been made which would justify the digitized copying of the entire file at CJA

expense. . . ."  (Order of Dec. 13, 2021; ECF 280.)  The Court noted that "[t]here is no hint in his

letter application of the categories of documents that may be relevant to the yet-to-be described

or filed motion."  (<u>Id.</u>)

      Separately, Becton moved for an extension of time to file a section 2255 motion.

(ECF 281.)  The Court denied the motion, concluding that the two-page application was too

vague to be treated as a section 2255 motion, and, in the absence of a section 2255 motion, it

lacked subject matter jurisdiction to grant the relief.  (Order of May 20, 2022; ECF 282.)  The

Court denied Becton's motion to reconsider the denial of the motion for an extension.  (Order of

June 28, 2022; ECF 285.)

      More recently, but before the filing of Becton's section 2255 motion, an attorney,

James M. Schmitz, filed what purported to be a limited notice of appearance "for the limited

purpose of facilitating defendant's access to case file and motion for appointment of CJA counsel

for habeas corpus under 28 USC 2255."  (ECF 287.)  The criminal proceedings against Becton

dated back to 2002 and the attorney asked for an order compelling the Clerk to search an "older

database" that is "still maintained but no longer used" for CJA vouchers of any investigator who

worked on Becton's case.  (ECF 288.)  The Court denied the application.  (ECF 289.)

      Thereafter, Schmitz submitted to chambers but did not file a letter dated February

8, 2024, seeking the appointment of counsel to assist Becton in filing a section 2255 motion and

an order requiring the government and prior counsel to produce various materials.  Schmitz

sought to have the entirety of his submission to chambers filed under seal.  The application to

seal was denied without prejudice to the filing of a sealed and redacted version of the submission

to Chambers.  (Order of Feb. 16, 2024; ECF 290.)  The Court required the government to

respond, which it did, and the Court afforded Schmitz the opportunity to reply by May 1, 2024.

(Order of Apr. 10, 2024; ECF 291.)  No reply was filed.

Instead, on April 30, 2024, Becton, proceeding pro se, filed a section 2255 motion.  (ECF 292.)

The Court deems the initial unfiled motions submitted to Chambers by Schmitz to be moot.  The filing of a section 2255 motion renders moot an application for appointment of counsel for the purpose of preparing a section 2255 motion; also moot is the application for the pre-motion production of documents for the purpose of preparing the section 2255 motion.

Schmitz has now reappeared after the filing of Becton's section 2255 motion, filing a letter application in which he emphatically states "I do not represent Mr. Becton for the § 2255 petition itself. . . ." (ECF 294.)  However, Schmitz seeks to have an attorney appointed for Becton on the section 2255 motion and for the attorney to conduct discovery on Becton's behalf. (Id.)  "Obviously Mr. Becton does not know precisely what he will learn, otherwise there would be no need for discovery at all.  And it is certainly possible that initial discovery may lead to a wider range of questions."  (Id.)

In the trial of an action, there is no constitutional right to hybrid representation. United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997) (internal citation omitted); Stasiv v. United States, 18-cr-259 (PKC), 2024 WL 1765514, at *4 (S.D.N.Y. Apr. 24, 2024).  The Court will not permit hybrid representation on the section 2255 motion by Becton and Schmitz.  If, as stated in the section 2255 motion and confirmed by Schmitz, Becton is proceeding pro se, then Schmitz has no authority to speak for Becton concerning the section 2255 motion.  Becton is free to retain Schmitz to represent him on the section 2255 motion, in which event he would no longer be proceeding pro se.

The perils for the Court, the government and the defendant in a hybrid or attempted hybrid representation was encountered by Judge Failla in <u>Sessum v. United States</u>, 15-cr- 667 (KPF), 2020 WL 1243783, at *4-5 (S.D.N.Y. Mar. 16, 2020).  It suffices to note that a section 2255 motion was filed by counsel, which the defendant, proceeding pro se, sought to amend because the original motion was against his wishes.  A new action was opened with the amended section 2255 motion.  Judge Failla intervened, issuing an order prohibiting a hybrid representation and requiring defendant to make an election to be represented or proceed pro se.

No election is required here because Becton states that he is proceeding pro se and Schmitz agrees.  In its present posture, Schmitz has no role in the adjudication of Becton's section 2255 motion.   After reviewing the government's response to the section 2255 motion, the Court will consider whether the appointment of counsel is appropriate.

The June 4, 2024 letter motion of James M. Schmitz implicitly acting for Becton is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 13, 2024

COPY MAILED TO: Charod Becton, Register No. 53889-054, USP Atwater, U.S. Penitentiary, P.O. Box 019001, Atwater CA  95301